UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KAMAL SALEH,

                       Plaintiff,

      -against-

ERIC H. HOLDER, Attorney General of the
United States, JOHN KERRY, Secretary of State,
and RAND BEERS, Acting Secretary of Homeland
Security,

                       Defendants.
------------------------------------------------------------ x

**AMENDED MEMORANDUM AND ORDER**

13-cv-7181 (ENV) (CLP)

**VITALIANO, D.J.**

Plaintiff Kamal brings this claim against three current or former executive department heads -- Eric Holder, John Kerry, the Secretary of State, and Rand Beers, a former Acting Secretary of Homeland Security.[1] This action is brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the mandamus statute, 28 U.S.C. § 1361. It seeks a judgment declaring the United States must adjudicate visa applications for his wife and their three children, and the issuance of a writ of mandamus directing the government to do so. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the complaint is

---

[1] Jeh C. Johnson became Secretary of Homeland Security on December 23, 2013. Pursuant to Fed. R. Civ. P. 25(d), Secretary Johnson is substituted for Rand Beers as a defendant in this action. The Clerk is directed to amend the caption to reflect this change.

1

dismissed for lack of subject matter jurisdiction.

## Background

The following facts are drawn from the complaint and its attachments. The allegations as to facts underlying plaintiff's claims are accepted as true for the purposes of this motion.

Saleh is a United States citizen. (Compl., Dkt. 1, ¶ 5). On March 23, 2010, Saleh submitted I-130 petitions with United States Consular and Immigration Services ("CIS") seeking visas for his wife, Elham Saleh Almardahi, and three children, Mazin, Suhilah, and Anas, all of whom reside in Yemen. (Compl. ¶ 5). According to the complaint, CIS approved the petitions and forwarded them to the National Visa Center for processing. (Compl. ¶ 7). The visa applications were then sent to the U.S. Embassy in Sana'a, Yemen, on December 14, 2012. All four family members were interviewed at the embassy on January 20, 2013. (Compl. ¶ 8). The embassy then conducted a medical examination of two of his sons, Mazin and Anas, to determine their age and Saleh's paternity. (Compl. ¶ 9). Saleh contends that the results of the exam confirmed his sons' ages and that Saleh was indeed their father. (Compl. ¶ 8). Saleh received a "Visa Pick-Up Receipt" which informed him that the visas for his family members could be picked up, (Compl. ¶ 10), and a copy of it is attached to the complaint as "Exhibit 5." The exhibit, however, indicates that the receipt applies only to his wife Elham's case number. (Compl. Ex. 5).

Plaintiff went to the embassy in Yemen on February 3, 2013, where, he says,

2

he was told that all of his family's visa applications were actually under "administrative review." (Compl. ¶ 10). Saleh says he has tried to follow up with the embassy for several months, but only received automated messages telling callers that the embassy was closed and that all visa applications were under "administrative review." (Compl. ¶ 12).

With the administrative process at the embassy stalemated, Saleh filed this action on December 16, 2013 claiming that the embassy's inaction constitutes an unreasonable delay and an unlawful withholding of agency action. (Compl. ¶¶ 13, 14).

## Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. Makarova, 201 F.3d at 113. Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first. Sherman v. Black, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing Rhulen Agency, Inc. v. Alabama Ins.

3

Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.1990)).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, at 570 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted); see Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007) (interpreting Twombly to require a "plausibility standard" that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") (emphasis omitted), rev'd on other grounds, 129 S. Ct. 1937 (2009). On a Rule 12(b)(6) motion, a court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). Unlike a Rule 12(b)(1) motion, a court may only, when a party moves under subsection (b)(6), consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006).

Discussion

Saleh's complaint demands that the Court order the American embassy in Yemen to complete its processing of the visa applications of his wife and his three children, which, he contends, were already approved by CIS and transferred to the National Visa Center. (Compl. ¶ 7). Hinged to its claim that subject matter jurisdiction is wanting, the government has submitted exhibits showing that visa applications of the kind filed by Saleh have been delayed because of an increasingly difficult security situation on the ground in Yemen. See Press Release, Embassy of the United States Sana'a, Yemen, Security Message for U.S. Citizens: Consular Services Remain Reduced (Gov't Mem. App'x H). The government has also submitted affidavits in support of its motion showing that the embassy has finally granted visas for Saleh's wife and one child, but has temporarily denied visas for the other two children until Saleh provides certain requested additional documentation. (Gov't Mem. at 8-9; App'x I, J and K). As a consequence, the government argues, this adjudication of the visa applications makes the complaint moot. Id. However, since Saleh's complaint seeks the "review[], adjudication, processing and visa issuance within 30 days," (Compl. ¶ 15.), this case would still be ripe because the remaining two visa applications have yet to be granted, but only if subject matter jurisdiction exists.

Jurisdiction is the rub. Federal courts, as a general matter, lack subject matter jurisdiction over claims arising from the adjudication of visa applications. It complements the congressionally recognized understanding that "over no

5

conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." Fiallo v. Bell, 430 U.S. 787, 792 (1997) (internal quotation marks omitted). Congress has granted the Executive enormous discretion in this area, and has severely curtailed the power of courts to review its exercise. As the Second Circuit has explained, "no jurisdictional base exists for review of the action of the American Consul . . . suspending or denying the issuance of immigration visas." Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978). Therefore, "[i]t is well settled that the judiciary will not interfere with the visa-issuing process." Id. As a result, "[t]he doctrine of consular nonreviewability provides that courts do not have jurisdiction to review decisions made by consular officers regarding the grant or denial of visas." Gogilashvili v. Holder, No. 11-cv-1502, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012).

Apparently perceiving how high the mountain, Saleh responds to the government's motion by re-characterizing his demand for relief as one that "does not seek a review of consular action." (Pl. Mem. in Opp., Dkt. 19, at 5). On a path trod by others before, Saleh, for all intents and purposes, "seeks to circumvent this long-standing precedent by contending that the doctrine does not apply to a request that a visa be adjudicated (as opposed to granted) within a reasonable period of time." Li v. Chertoff, No. 06-cv-13679, 2007 WL 541974, at *1 (S.D.N.Y. Feb. 16, 2007). This argument falters at the start because "courts lack subject matter jurisdiction to review the visa-issuing process" itself, that is, to assess the

6

reasonableness of the conduct. Zhang v. U.S. Citizenship and Immigration Service, No. 05-cv-4086, 2005 WL 3046440, at *6 (S.D.N.Y. Nov. 8, 2005).

Saleh, in short, cites no case or statute bestowing upon a federal court the power to order a consulate to adjudicate a visa application by some judicially-determined calendar.[2] Quite the opposite is true. Similar attempts to dodge the doctrine of consular nonreviewability have met with failure. See, e.g., Dong v. Ridge, No. 02-cv-7178, 2005 WL 1994090, at *3 (S.D.N.Y. Aug. 18, 2005) ("To circumvent this precedent of 'consular nonreviewability,' plaintiffs argue that they do not seek a review of consular decisions but rather [review of] the basis for their determinations"). In any event, even if the Court had jurisdiction to issue a writ of mandamus directing the adjudication of the visa applications, the out would not lie in this case. That is so for, in fact, the embassy has made a decision with respect to all of the visas sought. The embassy has decided that two of the four visa applications should be (and have been) granted, that the remaining two were

---

[2] The Court is aware of only one case in this circuit recognizing this possibility. In American Academy of Religion v. Chertoff, 463 F. Supp. 2d 400 (S.D.N.Y. 2006), the Court held that "failure to issue or refuse a visa within a reasonable period of time triggers mandamus jurisdiction in federal court." Id. at 421. American Academy involved First Amendment claims by a religious organization seeking to sponsor a visa for an Islamic scholar suspected of providing support to a terrorist organization. Saleh raises no such First Amendment claim here. American Academy of Religion v. Chertoff, 573 F.3d 115, 125 (2d Cir. 2009) (finding jurisdiction "where a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country . . ."). This precedent, by its silence, seems limited to claims raising First Amendment issues. See also Lihua Jiang v. Clinton, No. 08-cv-4477, 2011 WL 5983353, at *4 (E.D.N.Y. Nov. 28, 2011) ("The circuit's opinion in American Academy did not state whether consular nonreviewability applies when a plaintiff claims that a constitutional right other than free speech has been violated.")

unacceptable on the basis of the information provided, and that those two applications should be (and have been) denied, pending supplementation. Simply, there is no nondiscretionary act which the Court could command the executive to perform.

Finally, Saleh's invocation of the Declatory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 706(1), as bases for relief is a dead end. They change nothing. The Declaratory Judgment Act "is remedial, not jurisdictional." Hsieh, 569 F.2d at 1181; see also, Zheng v. Reno, 166 F. Supp. 2d 875, 878 (S.D.N.Y. 2001) ("The declatory judgment statute . . . is not an independent basis for subject matter jurisdiction"). Nor would a declaratory judgment provide the relief truly sought, which is an order requiring the issuance of the remaining visas. Likewise, the APA cannot compel relief, since the statute "expressly excludes review of 'agency action [that] is committed to agency discretion by law.'" Khanom v. Kerry, No. 13-CV-4280, 2014 WL 3531144, at *4 (E.D.N.Y. Jul. 15 2014) (quoting § 701(a)(2) of the APA). Put specifically, the embassy's decision to deny two of the visas, which is shielded from the Court's review by the doctrine of consular nonreviewability, "is exempt from review under the APA because it is discretionary." Ngassam v. Chertoff, 590 F. Supp. 2d. 461, 464 (S.D.N.Y. 2008). Therefore, lacking subject matter jurisdiction, the Court must dismiss Saleh's complaint.

## Conclusion

For the foregoing reasons, Saleh's complaint is dismissed for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: Brooklyn, New York
November 4 2014

/S/USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge